UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES A. COON, | : | Case No. 1:07-cv-807 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff was not entitled to a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI"). (*See* Administrative Transcript ("Tr.") at 5-22) (ALJ's decision)).

**I.**

On August 9, 2004, Plaintiff filed an application for DIB and SSI, alleging a disability onset date of February 18, 2004, due to a degenerative disc disease. (Tr. 108). Upon denial of his claims on the state agency level, Plaintiff requested a hearing *de novo* before an ALJ. A hearing was held on February 2, 2007, at which Plaintiff appeared with counsel and testified. (Tr. 20-22). A vocational expert, Mr. William Cody, was also

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

present and testified. (*Id.*).

On February 22, 2007, the ALJ entered his decision finding Plaintiff was not disabled. (Tr. 15-22). That decision became Defendant's final determination upon denial of review by the Appeals Council. (Tr. 5-14, 268-75).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant met the disability insured status requirements of the Act on February 18, 2004, the date the claimant stated he became unable to work, and he continues to meet them on the date of this decision.

2. The claimant has not engaged in substantial gainful activity since February 18, 2004.

3. The claimant has severe physical impairment due to a history of lumbosacral disc herniation with corrective surgery and continuing lower back difficulties.

4. The claimant has no impairment or combination of impairments meeting or equaling the Regulatory Listings contained in Appendix 1 Subpart P, Regulations No. 4.

5. The claimant was only a partially credible witness for the reasons set forth in the body of this decision.

6. The claimant retains the capacity for performing the full range of work, except for the limitations set forth in the body of this decision.

7. The claimant is not able to perform any of his past relevant work.

8. The claimant is a younger individual with a limited, ninth grade education and past relevant work which did not provide him with transferable skills.

9. Sections 404.1569 of Regulations No. 4 and 416.969 of Regulations No. 16 and Rules 201.25 and 202.18, Tables 1 and 2, Appendix 2, Subpart P,

>Regulations No. 4, would direct a finding of "non disabled" if the claimant were able to perform the full range of sedentary or light work. Working within that framework, there are jobs existing in significant numbers in the national economy that he can perform, in light of his age, education, and previous work experience.
>
>10. The claimant has not been under a "disability" as defined in the Social Security Act at any time through the date of this decision. 20 CFR 404.1520(g) and 416.920(g).

(Tr. 21 - 22).

In sum, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was, therefore, not eligible for a period of disability, DIB or SSI. (Tr. 18-22).

On appeal, Plaintiff maintains that: (1) the ALJ erred when he failed to note the limitations set out in Plaintiff's RFC form; (2) the ALJ erred in relying on several material mistakes of fact; (3) the ALJ erred in assessing Plaintiff's credibility, pain and subjective complaints; (4) the ALJ erred in rejecting evidence; and (5) the ALJ erred when he relied on a vocational expert's answers to an improper hypothetical. Each argument will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359,

362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, he must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

### A.

For his first assignment of error, Plaintiff maintains that the ALJ erred when he failed to note the limitations set forth in Plaintiff's RFC form. Dr. Michael Schmerler completed Plaintiff's RFC form on October 20, 2006. (Tr. 244-48). Upon examination, Dr. Schmerler reported that Plaintiff had normal reflexes, no muscle atrophy, full motor strength, normal tone, intact sensation, antalgic gait with slight limp on the left, and normal range of motion with the exception of some lumbar spine limitations. (*Id.*) Dr. Schmerler further found that Plaintiff could stand and walk at least 2 hours a day, sit

less than 6 hours a day and that he needed to "move around" throughout the day. (Tr. 249-50). Plaintiff's treating physicians reported similar clinical findings. (Tr. 163, 168, 177, 228, 238). Additionally, two state agency physicians reviewed the record and found that Plaintiff could perform a range of medium work. (Tr. 20, 181-88).

Plaintiff's allegation that the ALJ failed to note the limitations set forth by Dr. Schmerler is misplaced. The ALJ included a comprehensive summary of Dr. Schmerler's findings and RFC limitations in his decision. Specifically, the ALJ noted that Plaintiff could "perform *at least* 2 hours of standing and walking" and "sit *less* than 6 hours during an 8 hour day," but that he needed to "change his position fairly frequently." (Tr. 20) (emphasis added). Additionally, Plaintiff argues that the ALJ was required to include in his decision, a discussion of how often Plaintiff was required to change positions during the day because of his sedentary work limitations.[2] However, Dr. Schmerler's RFC states that Plaintiff can walk *at least* 2 hours in an 8 hour workday. (Tr. 249) (emphasis added).

> "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 'Occasionally' means occurring from very little up to one-third of the time, and would generally total *no more than* about 2 hours of an 8-hour workday. Sitting would generally total about 6 hours of an 8-hour workday." SSR 96-9p (emphasis added).

Therefore, because Plaintiff can walk *at least* two hours in an eight hour work day, Plaintiff is not limited to unskilled sedentary work and the ALJ is not required to make a finding as to how often Plaintiff must alternate between sitting and standing. Therefore,

---

[2] If the claimant is limited to sedentary work, the RFC assessment must include a discussion of the frequency with which an applicant needs to alternate between sitting and standing. SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996).

the ALJ did not err when he failed to include how often Plaintiff needed to alternated between sitting and standing in his decision.

### B.

For his second assignment of error, Plaintiff maintains that the ALJ erred when he made material mistakes of fact.[3] Specifically, Plaintiff claims that the ALJ improperly considered that he stopped attending physical therapy, but failed to note that this was due to a lack of insurance. In his decision, the ALJ noted that in May 2004, upon discharge from physical therapy, Plaintiff showed significant improvement in his daily activities. (Tr. 19, 47). Additionally, the ALJ pointed out that upon further injury, when Plaintiff indicated that he was not attending physical therapy, his doctor advised that he start "ASAP." (Tr. 163). *See* SSR 96-7p (claimant is less credible if level of treatment is inconsistent with level of complaints); *see also* 20 C.F.R. § 404.1529(c)(3)(v) (consideration given to treatment, other than medication, received for relief of pain). However, this Court acknowledges that the ALJ did not indicate that Plaintiff failed to attend physical therapy due to a lack of insurance. Despite the absence of this qualifying factor, the ALJ's decision is still supported by substantial evidence. Based on the ALJ's exhaustive recitation of Plaintiff's medical history, it is apparent that the ALJ did not base his decision on the sole fact that Plaintiff failed to attend physical therapy. Therefore, the

---

[3] The second mistake of fact alleged by Plaintiff, that he sat for 1/2 hour at the administrative hearing, when, in fact, he only sat for 16 minutes, is addressed in Section II.C.

ALJ's decision is still supported by substantial evidence.

## C.

For his third assignment of error, Plaintiff maintains that the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints.

First, Plaintiff claims that the ALJ improperly stated that Plaintiff sat for 1/2 hour at the hearing, when, in fact, the hearing only lasted 16 minutes. While this Court acknowledges that the ALJ misstated this fact, the ALJ's decision is still supported by substantial evidence. The ALJ did not base Plaintiff's credibility and pain determination solely on what he observed at the hearing. *See Martin v. Sec'y of Health & Human Servs.*, 735 F.2d 1008, 1010 (6th Cir. 1984) (the ALJ properly relied on evidence other than his personal observations to reject Plaintiff's testimony and find it less than credible).

Plaintiff also alleges that the ALJ did not consider that Plaintiff was on Vicodin, a strong pain medication. Contrary to Plaintiff's contention, the ALJ expressly indicates in his decision that Plaintiff was taking Vicodin. (Tr. 19). Moreover, Plaintiff does not present any evidence to suggest that he had significant adverse side effects from the medication. Indeed, Plaintiff testified that on some days, when he felt "decent," he could cut back on the Vicodin. (Tr. 282). In fact, in August 2006, Plaintiff reported an improvement in his symptoms and stated that some days he was without pain, which was in contrast to his testimony that he had not improved in the past ten months. (Tr. 19, 190, 282).

The ALJ recognized, and the objective medical records support, the fact that

-7-

Plaintiff has ongoing definite and measurable work limitations resulting from degenerative disc disease of the lumbusacral spine. (Tr. 19). However, Plaintiff's testimony and the record do not establish that pain prevents him from ambulating or effective use of his hands and arms. (Tr. 19). 20 C.F.R. § 404.1529(c)(4) (ALJ considers whether there are inconsistencies in the evidence and any conflicts between the claimant's statements and the other record evidence in determining the extent to which the claimant's symptoms diminish his capacity for basic work activities). In evaluating complaints of pain, an ALJ may properly consider the claimant's credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ's assessment of credibility is entitled to great weight and deference, since he had the opportunity to observe the witness's demeanor. (*Id.*)

> The assessment of a claimant's assertions of disabling pain is made in light of factors set forth in 20 C.F.R. § 404.1529, summarized in a two-part test:
> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine:
> (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Infantado v. Astrue,* 263 Fed. Appx. 469, 475 (6th Cir. 2008) (quoting *Felisky,* 35 F.3d at 1038-39). In the instant case, the objective medical evidence, that Plaintiff can lift and carry 20 pounds occasionally and ten pounds frequently and can perform at least two hours of standing and six hours or less of sitting in an eight hour day does not confirm Plaintiff's subjective complaints. (Tr. 20). "Whenever a claimant's complaints regarding symptoms,

or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints 'based on a consideration of the entire case record.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96-7p, 1996 SSR LEXIS 4, 1996 WL 374186, at *4 (July 2, 1996)).

Again, simply because the ALJ failed to emphasize the fact that Plaintiff took Vicodin does not constitute a failure by the ALJ to consider Plaintiff's pain. As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *Jones v. Comm'r of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003); *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224 (6th Cir. 1988) ("The ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses, therefore his conclusions should be highly regarded.").

**D.**

For his fourth assignment of error, Plaintiff claims that the Appeals Council failed to give good reasons for rejecting Dr. Tobler's RCF finding. On January 9, 2007, Dr. William Tobler completed an RFC assessment for Plaintiff. (Tr. 268-270). However, Dr. Tobler's RFC was submitted to the Appeals Council after the ALJ issued its decision and therefore may not be considered by the Court in making its review of the ALJ's decision.

Under well-settled Sixth Circuit law, federal courts reviewing claims for social security benefits may not reverse an administrative law judge's decision on the basis of evidence first submitted to the Appeals Council. *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993). Thus, where medical evidence is first presented to the Appeals Council, and not considered by the ALJ in his non-disability analysis, that evidence cannot be used to determine whether or not the ALJ's non-disability finding is supported by substantial evidence.

Additional evidence may be considered only for the purpose of determining whether a sentence six remand is warranted. 42 U.S.C. § 405(g) (for consideration of new and material evidence). Plaintiff did not request remand based on the additional evidence submitted nor did he address the prerequisites for such a remand. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149, 161 (6th Cir. 1990).

A sentence six remand (*i.e.*, a remand issued under the sixth sentence of 42 U.S.C. §405(g)) is merited where the medical evidence at issue is new and material, and good

-10-

cause exists for plaintiff's failure to reference such evidence at the administrative hearing. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 n.1 (1991). For purposes of sentence six, "new" medical evidence means evidence which has "come to light that was not available to the claimant at the time of the administrative proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Melkonyan*, 501 U.S. at 98). To be "material" for purposes of sentence six, the new records must evidence a reasonable probability that the ALJ would have reached a different conclusion had he or she been afforded an opportunity to consider them at the time of the hearing. *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

Plaintiff is not entitled to a remand pursuant to sentence six of 42 U.S.C. § 405(g) because the evidence submitted to the Appeals Council was neither new nor material. Even if Dr. Tobler's RCF assessment were within the context of a sentence-six remand, his opinion would not be entitled to controlling or significant weight because it was not adequately supported and was based on Plaintiff's subjective complaints. In his RFC finding, Dr. Tobler simply recorded Plaintiff's allegations of disability verbatim and did not provide any objective medical evidence for his assessment. (Tr. 268-69). Therefore, Dr. Tobler's assessment was not material and does not provide a basis for remand.

Accordingly, Dr. Tobler's RFC evidence does not demonstrate that the ALJ would have reached a different conclusion had he been afforded the opportunity to consider the evidence before the hearing. In addition, Plaintiff has failed to show good cause for his failure to obtain and submit such evidence earlier. Therefore, the ALJ's findings are still

supported by substantial evidence.

### E.

Finally, for his last assignment of error, Plaintiff maintains that the ALJ erred when he relied on the answers to an improper hypothetical question posed to the vocational expert (the "VE"), Mr. William Cody.

Contrary to Plaintiff's assertion, the hypothetical question presented to the VE accurately reflected Plaintiff's impairments and limitations as found by the ALJ and as supported by substantial evidence in the record. Specifically, Plaintiff contends that the hypothetical question was improper because it did not include the RFC's restriction that Plaintiff had to alternate between sitting and standing. Plaintiff's argument is unavailing because the record evidence notes that the VE was asked to base his opinion on the "circumstances suggested in 9F [the RFC], by Dr. Schmerler." (Tr. 291). Therefore, as reflected in 9F, the VE considered that Plaintiff had to "move around." (Tr. 250).

Accordingly, the ALJ's hypothetical question accurately portrayed Plaintiff's limitations and the VE's response, that the "limitations would suggest that he would be capable of either light or sedentary work activity," provided substantial evidence to support the ALJ's finding that Plaintiff could perform a significant number of jobs. (Tr. 291).

## III.

For the foregoing reasons, Plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner, that Plaintiff was not entitled to a period of disability, disability income benefits and supplemental security income, be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**

Date: August 8. 2008              s/ Timothy S. Black
                                  Timothy S. Black
                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES A. COON, | : | Case No. 1:07-cv-807 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).